UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LINDSAY CLEMENTS**                                                                 **PLAINTIFF**

**V.**                            **NO. 4:20CV00004-JTR**

**ANDREW SAUL,**
**Commissioner of Social Security Administration**[1]         **DEFENDANT**

## ORDER

I.   **Introduction:**

Plaintiff, Lindsay Clements ("Clements"), applied for disability insurance benefits on January 23, 2017, and she applied for supplemental security income benefits on January 25, 2017. (Tr. at 13). In both applications, she alleged she became disabled on February 1, 2014. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application on April 18, 2019. *Id*. The Appeals Council denied her request for review, making the ALJ's denial of Clements's application for benefits the final decision of the Commissioner. (Tr. at 1).

For the reasons stated below, the Court[2] reverses the ALJ's decision and remands for further review.

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II. The Commissioner's Decision:

The ALJ found that Clements had not engaged in substantial gainful activity since February 1, 2014, the alleged onset date. (Tr. at 15). At Step Two, the ALJ found that Clements had the following severe impairments: bipolar I disorder, anxiety disorder, depressive disorder, and obesity. *Id.*

After finding that Clements's impairments did not meet or equal a listed impairment (Tr. at 16), the ALJ determined that Clements had the RFC to perform work at all exertional levels, except that: (1) she can perform simple, routine, and repetitive tasks where supervision is simple, direct, and concrete; (2) she is limited to SVP 1 or 2 jobs where tasks can be learned in 30 days; (3) and she can only perform work that does not require interaction with the general public. (Tr. at 18).

The ALJ found that, based on Clements's RFC, she was unable to perform any of her past relevant work. (Tr. at 23). Relying upon the testimony of the VE, the ALJ found that, based on Clements's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including positions as a poultry deboner and kitchen helper. (Tr. at 24). Thus, the ALJ concluded that Clements was not disabled. *Id.*

## III. Discussion:

A. Standard of Review

2

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial

3

evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d. at 477.

    B.   Clements's Arguments on Appeal

Clements contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ erred when he failed to even mention the opinions of three treating psychiatrists; the ALJ instead relied upon the opinion of a one-time examiner and two mental health experts who did not see Clements even once. The Court finds support for Clements's arguments.

Clements suffered mental health impairments throughout the relevant time-period. Her symptoms waxed and waned, and she showed some improvement with medication, but her conditions interfered with her daily functional abilities. (Tr. at 38-55, 300-308, 1001-1014, 1026-1029).

Various treating psychiatrists certified via a clinical form that Clements was an "Adult with a Serious Mental Illness." (Tr. at 709-712, 739-743, 1001-1002, 1013, 1014, 1302, 1681-1685). Dr. Shona Ray-Griffith, a psychiatrist, saw Clements throughout 2016, and again in 2018, and she found her to be inattentive, hyperactive, and anxious. (Tr. at 715-726). Dr. Ray-Griffith certified Clements had a "serious mental illness" on May 24, 2016. (Tr. at 710-712).

Dr. Toni Dollinger, M.D., a psychiatrist, saw Clements throughout 2017, and

she completed four forms indicating serious mental illness. In January 2017, Dr. Dollinger opined that Clements had a serious role impairment in her main productive roles and would miss one full day of work per month due to her mental illness. (Tr. at 740-743). In March 2017, Dr. Dollinger filled out the same Serious Mental Illness form, and said that Clements "had [mental] difficulties that substantially interfered with or limited role functioning in social, family, or vocational contexts." (Tr. at 1002). Dr. Dollinger said Clements was "unable to work." *Id*. A few months later, Dr. Dollinger again said that Clements would miss one day of work per month, as a "direct result of mental health." (Tr. at 1015-1016). In May 2017, Dr. Dollinger wrote that Clements had "a serious interpersonal impairment as a result of being totally socially isolated, lacking intimacy in social relationships, showing inability to confide in others, and lacking social support." (Tr. at 1301-1302).

Finally, Dr. Daniel Price, M.D., a resident in psychiatry, filled out the same Serious Mental Illness form and said Clements would miss at least one full day of work per month due to mental health issues. (Tr. at 1681-1685).

The ALJ did not mention *any* of these medical opinions from Clements's medical providers, which suggests he may not have even been aware of them. He instead relied upon the opinions of non-examining psychologists and one consultative examiner's opinion. (Tr. at 92, 140, 1025-1029). Dr. John Faucett,

5

Ph.D, examined Clements once, on May 15, 2017, almost two years before the end of the relevant time-period. (Tr. at 1025-1029). He did not have any of the medical records in front of him for review, noting that the only piece of documentation he had upon which to base his opinions was one of two function reports filled out by Clements.[3] *Id.* An ALJ is obliged to provide the consulate examiner with all relevant medical records. In this case, the ALJ did not fulfill this obligation. *See* 20 C.F.R. § 404.1517. Nevertheless, he gave significant weight to Dr. Faucett's opinion that Clements would have only mild mental limitations when he formulated the RFC.[4]

Several times the ALJ lamented that the medical evidence lacked functional mental restrictions, but the two treating psychiatrists gave a very specific restriction: that Clements would miss a day of work per month. The ALJ did not ask the VE about this restriction, instead asking if there were jobs available for someone missing three days of work per month, which is not reflective of the treating provider opinion evidence. (Tr. at 55). Based on the lack of a proper hypothetical, the ALJ erred at Step Five.

It appears, in fact, that the ALJ did not consider the treating provider opinions

---

[3] Still, based on the examination alone, Dr. Faucett opined that Clements would be prone to engage in inappropriate, violent behavior in the workplace. (Tr. at 1029).

[4] The Disability Determination Services psychologists also assessed mild limitations, and they assigned an RFC for unskilled work. (Tr. at 92, 140).

at all. In a similar Eighth Circuit case, where the ALJ did not mention an important treating provider opinion, the Court reversed. *Walker v Comm'r.*, 911 F.3d 550, 553 (8th Cir. 2018). The Court held, consistent with prior case law, that an ALJ must give good reasons for discounting medical opinions. *Id*. The low bar established by the Court requires the ALJ, at the very least, to *mention* the opinion. An ALJ's failure to do so, and to discuss the opinion, means the ALJ has not "shown his work" and the Court is left to speculate about the basis for his decision. *See Smajic v. Berryhill*, 2019 U.S. Dist. LEXIS 6240 *11-12 (W.D. Mo. Jan. 14, 2019). Here, the Court cannot discern whether the ALJ gave any consideration to the multiple treating provider medical opinions, which were internally consistent. Because the ALJ did not consider several of those opinions and failed to "show his work" regarding his consideration of the medical evidence, his decision must be reversed.

## IV. <u>Conclusion:</u>

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court finds that the ALJ's

decision is not supported by substantial evidence, because the ALJ did not properly consider or evaluate the relevant medical opinions.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review.

DATED this 11th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE